NOT DESIGNATED FOR PUBLICATION

No. 117,526

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MATTHEW GUERRA,
*Appellant*.

MEMORANDUM OPINION

Appeal from Harper District Court; LARRY T. SOLOMON, judge. Opinion filed November 9, 2017. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before GARDNER, P.J., GREEN, J., and MERYL D. WILSON, District Judge, assigned.

PER CURIAM: Matthew R. Guerra pled guilty to one count of felony driving under the influence (DUI)—third offense with one DUI conviction occurring in the past 10 years. In the plea agreement, the State and Guerra agreed that they would recommend a sentence that included the minimum amount of jail time, with the remainder of the sentence to be served on probation. At sentencing, the court rejected the parties' recommendations and sentenced Guerra to one year in jail. Guerra appeals, arguing that the sentencing court abused its discretion in rejecting the parties' sentencing recommendations. But because a sentencing court cannot be bound by the terms of a plea agreement, we reject Guerra's argument. As a result, we affirm his sentence.

1

On April 25, 2016, Guerra was charged with one count of DUI while having at least two prior convictions for the same or similar offense, with one of the convictions having occurred in the past 10 years; one count of DUI with three prior convictions after July 1, 2001; and one count of driving with a canceled, suspended, or revoked license.

On December 22, 2016, Guerra entered a plea bargain with the State. Guerra agreed to plead guilty to felony DUI, for a third conviction with one conviction having occurred in the past 10 years, under K.S.A. 2016 Supp. 8-1567(a)(3), (b)(1)(D). The plea agreement stated that Guerra would "be required to do 90 days in jail on a sentence of 1 year with one year probation to begin after 90 days." The State agreed to "recommend that [Guerra] be able to do the minimum jail time followed by the minimum number of hours of house arrest on a monitored GPS." Guerra acknowledged, however, "that regardless of the plea agreement . . . th[e] court is not bound to agree to, nor to accept the terms of the plea agreement." Guerra further acknowledged that if he entered the plea, the court could impose the maximum penalties and fines against him.

The trial court accepted Guerra's guilty plea, finding that it was made voluntarily, knowingly, and intelligently. The trial court found Guerra guilty of one count of felony DUI—third conviction with one conviction occurring in the past 10 years—under K.S.A. 2016 Supp. 8-1567(a)(3), (b)(1)(D). Despite the parties' sentencing recommendations, the sentencing judge imposed the maximum sentence allowed—12 months' imprisonment and a $2,500 fine. The sentencing judge rejected the parties' sentencing recommendations after noting that Guerra had 28 prior convictions in his criminal history and that 6 of those prior convictions were for DUI.

Guerra timely appealed his sentence. After Guerra filed his notice of appeal, his counsel moved for summary disposition. This court granted the motion.

*Did the Sentencing Court Abuse Its Discretion in Rejecting the Sentence*
*Recommended in Guerra's Plea Bargain?*

Guerra argues that the sentencing court abused its discretion by refusing to follow the State's recommendation and to grant him probation once he served 90 days in jail. A judicial action constitutes an abuse of discretion (1) when no reasonable person would take the view adopted by the court; (2) when it is based on an error of law; or (3) when it is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015).

"When a plea of guilty is tendered or received as a result of a prior plea agreement, the trial judge may give the agreement consideration but is not bound by its terms and can reach an independent decision on whether to approve a negotiated charge or sentence concessions." *State v. Boley*, 279 Kan. 989, Syl. ¶ 2, 113 P.3d 248 (2005). This is because all plea discussions in Kansas are premised upon the understanding that such discussions do not bind trial judges. 279 Kan. at 993 (quoting *State v. Hill*, 247 Kan. 377, 385, 799 P.2d 997 [1990]).

Here, Guerra was well aware of the fact that the sentencing judge would not be bound by the parties' recommendations in the plea bargain. Guerra was informed of that fact in writing and by the court at his plea hearing. At the plea hearing, the judge specifically told Guerra, "You just understand that I'll listen to both sides' recommendations. I'm free to sentence you as I see fit after hearing those recommendations. I might follow and impose the minimums . . . or I might impose some other sentence. That's up to me under Kansas law. You understand that?" To which Guerra replied, "Yes, your Honor."

The sentencing judge later rejected the recommendations of the parties and imposed the maximum sentence allowed under the applicable statute. In rejecting the recommendations of the parties and imposing a legal sentence, the sentencing court did

not abuse its discretion. In light of Guerra's criminal history, we cannot say that the sentencing court took an action that no reasonable person would agree with. Furthermore, there is no argument that the sentencing court's action was based on an error of law or fact. For those reasons, we hold that the sentencing court did not abuse its discretion. Accordingly, we affirm Guerra's sentence.

Affirmed.